Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>MARIO A. CAMPOS HUERTAS<br><br>Peticionario | KLCE202400494 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Criminal Núm.:<br>J-SC-2000-G-1259<br>J-DC-2002-G-0005<br><br>Sobre:<br>A-404-SC Posesión Controlada<br>A-137-A Secuestro Agravado |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de mayo de 2024.

Comparece el señor Mario A. Campos Huertas (señor Campos Huertas o peticionario) vía *certiorari* y solicita que revoquemos las *Resoluciones* del Tribunal de Primera Instancia, Sala Superior de Ponce, ambas emitidas el 1 de abril de 2024. Sin tener disponibles las *Resoluciones* recurridas, la base de datos del Poder Judicial demuestra que el foro primario supuestamente resolvió sin lugar las dos peticiones del señor Campos Huertas de ser puesto bajo libertad al amparo de la Regla 192.1 de *Procedimiento Criminal* (34 LPRA Ap. II). Por las razones que habremos de expresar, se desestima el recurso por falta de jurisdicción.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las

controversias". *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Al mismo tiempo, el *Reglamento del Tribunal de Apelaciones* responsabiliza al peticionario con incluir un Apéndice en la presentación de su recurso, tal como la decisión del Tribunal de Primera Instancia cuya revisión se solicita y toda resolución, orden o moción que forme parte del expediente del foro primario y en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta. Regla 34(E) del Tribunal de Apelaciones, *supra*. No obstante, el foro apelativo podrá permitir, a solicitud de la parte peticionaria, en moción o *motu proprio*, la presentación de los documentos del Apéndice en una fecha posterior,

dentro de un término de quince (15) días contados a partir de la fecha de notificación de la resolución que autoriza tal presentación. Íd.

De otra parte, la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley de Procedimientos Administrativos Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Ahora bien, la Junta de Libertad Bajo Palabra (Junta) tiene la potestad para decretar el privilegio de la libertad bajo palabra de aquellas personas recluidas que cumplan con los requisitos estatutarios y reglamentarios correspondientes. Art. 3 de la Ley Núm. 118 de 22 de julio de 1974 (4 LPRA sec. 1501 *et seq*). Una persona recluida en una institución carcelaria en Puerto Rico que cumpla con los requisitos establecidos por la Junta mediante reglamento o por la *Ley de la Junta*

*de Libertad Bajo Palabra*, y que demuestre un alto grado de rehabilitación que no represente un riesgo a la sociedad, podrá solicitar formalmente el privilegio de libertad bajo palabra dentro de la jurisdicción de la Junta. Art. 3-C de la Ley Núm. 118 de 22 de julio de 1974 (4 LPRA sec. 1503c). En concordancia con lo anterior, el Artículo 308 del Código Penal de 2012, según enmendada por la Ley Núm. 85-2022, dispone que la Junta podrá considerar para el privilegio de libertad bajo palabra toda persona convicta bajo cualquier Código Penal de Puerto Rico, siempre y cuando cumplan con los criterios esbozados en los estatutos pertinentes. Art. 308 del Código Penal de 2012, 33 LPRA sec. 5416. Véase, también, Sec. 3 de la Ley Núm. 85-2022.

De conformidad con los hechos del presente caso, el señor Campos Huertas recurrió ante este Tribunal erróneamente. Del expediente no se desprenden documentos que evidencien las presentaciones de solicitudes al amparo de la Regla 192.1 ante el Tribunal de Primera Instancia que podamos revisar. Más bien, la única información que logramos encontrar mediante las bases de datos del Poder Judicial en un esfuerzo para recopilar datos que nos permitieran asumir jurisdicción a fin de entrar a considerar el reclamo del peticionario en sus méritos son, meramente, las fechas de presentación, resolución y notificación de las referidas solicitudes ante el foro primario. Por lo tanto, ante la falta de documentos que podamos evaluar, carecemos de jurisdicción para atender los planteamientos esbozados en el recurso de *certiorari*.

Igualmente carecemos de jurisdicción en lo que concierne la aplicabilidad de Ley Núm. 85-2022, ya que el señor Campos Huertas no recurre de una resolución emitida por la Junta de Libertad Bajo

Palabra, por lo que debe agotar los remedios administrativos disponibles en la institución correccional de modo que obtenga una determinación revisable ante este Tribunal.

Por los fundamentos anteriormente expuestos, desestimamos el recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones